**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CHARLES W. EDEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-20-614-SLP** |
| | ) | |
| **KATHY STOKER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff filed this action seeking relief under 42 U.S.C. § 1983 for alleged violations of his constitutional rights.  Doc. 1.[1]  United States District Judge Scott L. Palk referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).  Based on Plaintiff's failure to either pay the filing fee or correct the deficiencies in his application for leave to proceed in forma pauperis, the undersigned recommends that the Court dismiss the action without prejudice.

**I.    Discussion.**

On June 26, 2020, Plaintiff filed an application for leave to proceed in forma pauperis (IFP) along with the complaint.[2]  Doc. 2.  However, the IFP

---

[1]    Citations to a court document are to its electronic case filing designation and pagination.  Except for capitalization, quotations are verbatim unless otherwise indicated.

[2]    Plaintiff names as defendants Kathy Stoker, who he identifies as "District attorney" employed at "Enid Oklahoma Courthouse," and Terry

application is missing financial information and/or an authorized officer's signature as well as a certified copy of Plaintiff's institutional account statement. *Id.* The Court ordered Plaintiff to cure the deficiency by July 21, 2020, or risk dismissal of the action. Doc. 6.

Proceeding in forma pauperis (IFP) "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). To date, Plaintiff has neither cured the error nor paid the $400 filing fee. Plaintiff's only filing since the Court's order to cure the IFP application was an amended complaint, which does not address the IFP application or payment issues. Doc. 7.

The undersigned recommends that the Court deny Plaintiff's IFP application, Doc. 2, and dismiss Plaintiff's action without prejudice to refiling. *See* LCvR3.2 ("Except as provided in LCvR3.3 [governing in forma pauperis applications] or by order of the Court in a specific case, the Clerk of this Court shall require payment of the filing fees before any civil action, suit, or proceeding is filed.").

---

Ingmire. Doc. 1, at 4. Plaintiff claims Defendants "lied . . . [and] said in State Court [Plaintiff] shot Terry Ingmire" which "got [Plaintiff] a life sentence in Dallas Texas." Doc. 7, at 6-7; Doc. 1, at 2. Plaintiff seeks relief from each Defendant in the amount of $999 trillion, and to have his life sentence "taken off." Doc. 7, at 7-8.

## II.   Recommendation and notice of right to object.

For the reasons above, the undersigned recommends that the Court deny Plaintiff's IFP application, Doc. 2, and dismiss this action without prejudice.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court **on or before August 24, 2020**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).   The undersigned also advises Plaintiff that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein.  *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned in this matter.

**ENTERED** this 3rd day of August, 2020.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE